# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No.:

AZZAM MASRI                                                                 Magistrate:

     Plaintiff,

v.

MIAMI-DADE COUNTY,
a political subdivision of the State of Florida,
MIAMI-DADE SERGEANT THOMAS MARTINEZ,
individually and,
MIAMI-DADE SERGEANT ROBERT PEREZ,
individually and,
MIAMI-DADE POLICE OFFICER LOURDES HERNANDEZ
individually and,
MIAMI-DADE POLICE OFFICER FRANCO CUGGE,
individually and,
MIAMI-DADE POLICE OFFICER RADAMES PEREZ,
individually and,
MIAMI-DADE POLICE OFFICER DANIEL FONTICIELLA
Individually,

     Defendants.
_____/

## **COMPLAINT**

Plaintiff, Azzam Masri by and through his undersigned counsel, hereby sues Defendants Sergeant Thomas Martinez, Sergeant Robert Perez, Officer Lourdes Hernandez , Officer Franco Cugge, Officer Radames Perez, and Officer Daniel Fonticiella, individually, and in support thereof states:

1

## INTRODUCTION

1. This is an action on behalf of Plaintiff, ASSAM MASRI, who's Fourth Amendment rights were violated when he was unlawfully detained by Miami-Dade Police Sergeant Thomas Martinez, Miami-Dade Police Sergeant Robert Perez, Miami-Dade officer Lourdes Hernandez, Miami-Dade officer Franco Cugge, Miami-Dade officer Radames Perez, and Miami-Dade officer Daniel Fonticiella in violation of his civil rights secured by the United States Constitution.

2. This action for money damages is brought pursuant to 42 U.S.C. Sections §1983 and §1988, the Fourth Amendment to the United States Constitution, and under the laws of the State of Florida against Miami-Dade County and it's individual police officers.

3. It is alleged that each individual police officer defendant engaged in one or more of the following acts: battery, false imprisonment, excessive force in violation of the United States Constitution and state law.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §1983, the Fourth Amendment of the United States Constitution and the laws of the State of Florida.

5. The jurisdiction of this Court is predicated on U. S. C. §§ 1331, and 1342(a) (3) and the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a).

6. Venue is placed in the United States District Court for the Southern District of Florida because it is where all the parties reside and where the events complained of occurred.

7. All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution including those set forth in Florida Statute Chapter 768.

## PARTIES

8. At all times material hereto PLAINTIFF was and is a resident of Miami-Dade County and at the time of the events described in this complaint is *sui juris*.

9. Defendant, Miami-Dade County, FL (hereinafter "COUNTY"), is a political subdivision on the State of Florida, a Florida municipal corporation. At all times relevant hereto, COUNTY employed Defendants: Sergeant Thomas Martinez (hereinafter SERG. MARTINEZ), Sergeant Robert Perez, (hereinafter SERG. PEREZ) Officer Lourdes Hernandez (hereinafter HERNANDEZ), Officer Franco Cugge (hereinafter CUGGE), Officer Radames Perez (hereinafter PEREZ), and Officer Daniel Fonticiella (hereinafter FONTICIELLA).

10. At all times relevant hereto and in all actions described herein, Defendants SERG. MARTINEZ, SERG. PEREZ, HERNANDEZ, CUGGE, PEREZ and FONTICIELLA were acting under color of law as police officers, and in such capacity, as the agent, servant and employee of Defendant, COUNTY.

## STATEMENT OF FACTS

11. On or about Wednesday November 14th, 2012 at approximately 11:00 P.M. the PLAINTIFF'S vehicle was stopped by Defendant officers at approximately Southwest 256th Street and 133rd Ave.

12. Unmarked cars, a Toyota Camry, and a Chevy Malibu, began to follow behind PLAINTIFF'S vehicle and one car hit PLAINTIFF'S rear bumper signaling him to stop.

13. The unmarked cars which were equipped with emergency lights, flashed and signaled the PLAINTIFF to stop his vehicle after tapping his bumper. The Toyota Camry occupied by driver CUGGE and passenger HERNANDEZ pulled in behind PLAINTIFF'S car, while

3

        the Chevy Malibu occupied by PEREZ and FONTICIELLA pulled in front of PLAINTIFF'S car.

14. After coming to a full stop the PLAINTIFF was surrounded by the officers, FONTICIELLA then grabbed and opened PLAINTIFF'S driver side door, while PEREZ pulled PLAINTIFF out of his car.

15. Immediately after PLAINTIFF was pulled out of his car, PLAINTIFF was struck in the back of the head by FONTICIELLA. The force of the blow caused PLAINTIFF to fall to the floor, striking his face on the floor.

16. PLAINTIFF was picked up off the ground by FONTICIELLA who then placed PLAINTIFF in handcuffs with his hands behind his back.

17. Shortly thereafter a grey four door pickup truck occupied by SERG. PEREZ and driven by SERG. MARTINEZ arrived on the scene.

18. SERG. MARTINEZ then spoke to the officers, and a search of the PLAINTIFF'S person commenced by PEREZ and FONTICIELLA. The search was commenced without the consent of PLAINTIFF.  PLAINTIFF was subsequently subjected to an unlawful strip search of his person.

19. The Defendant Officers also searched the PLAINTIFF's vehicle without PLAINTIFF's consent damaging the interior of the car in the process.

20. FONTICIELLA and PEREZ then pulled PLAINTIFF'S pants up and then SERG.

21. PLAINTIFF was placed in the rear passenger seat of the grey pickup truck driven by SERG. MARTINEZ. PLAINTIFF was told that he was going to be driven around the area with the intent of purchasing narcotics to make cases for the officers.

22. PLAINTIFF was driven to a BP gas station located at 268th street and 137th Avenue, where he remained for several minutes.

23. While in the truck PLAINTIFF complained that his face and body was hurting him and requested to be taken to the hospital. The officer's ignored PLAINTIFF's request and proceeded to drive around for about forty-five minutes. PLAINTIFF was then driven back to his vehicle.

24. Upon exiting the pickup truck, the plastic handcuffs were removed and FONTICIELLA proceeded to clean PLAINTIFF'S facial injuries.

25. An officer then told PLAINTIFF that if he told anyone what happened, he would receive more physical contact. One of the officesr gave PLAINTIFF a piece of paper displaying the address "9105 NW 25 ST" and phone number "786-763-5887." PLAINTIFF was told to use the contact information to set up a future meeting with the officers, so PLAINTIFF could help identify potential drug dealers.

26. After being released by the officers, the PLAINTIFF returned to his car which had been moved off of the road way and on to the swale. The interior of PLAINTIFF'S car was in disarray. During the course of the officer's search of PLAINTIFF's vehicle, the officers damaged PLAINTIFF's glove box, center console and ripped his front seat.

27. After leaving the scene PLAINTIFF was distraught and went to McDonalds to get some ice for his swollen face.

28. Due to the warning from the officer about telling anyone about what had happened PLAINTIFF was afraid, PLAINTIFF attempted to call his cousin to explain the ordeal and get some advice about what he should do, however, PLAINTIFF'S cousin did not answer the phone, so PLAINTIFF proceeded to the hospital.

29. At approximately 3:00 or 4:00 a.m. PLAINTIFF arrived at Baptist hospital complaining of difficulty breathing. PLAINTIFF received medical attention for his respiratory complications, his facial abrasions and contusions to the back of his head and left ribs.

## COUNT I
## False Imprisonment
## (Against Defendant COUNTY)

30. PLAINTIFF repeats and re-alleges Paragraphs 1 through 29 and incorporates them by reference herein.

31. On or about November 14, 2012, FONTICIELLA, CUGGE, HERNANDEZ, PEREZ, SERG PEREZ and SERG MARTINEZ while acting in the course and scope of their duties as a Police Officers employed by COUNTY, in concert one with the other, falsely imprisoned PLAINTIFF.

32. FONTICIELLA physically deprived PLAINTIFF of his freedom and liberty and restrained his movements at the scene of the detention, when he placed PLAINTIFF in handcuffs.

33. PLAINTIFF then was prevented from his freedom of movement when he was searched, grabbed and placed in a vehicle and driven from the scene of his detention by the named defendants without his consent and against the will of PLAINTIFF.

34. The restraint of PLAINTIFF by defendant officers was unlawful and unreasonable in that it was not based upon lawfully issued process of Court and defendant officers did not have a valid warrant for the arrest or detention of PLAINTIFF.

35. Pursuant to Fla. Stat. § 768.28(9)(a), the City is not "liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the scope of

her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wilful and wanton disregard of human rights, safety or property."

36. As permitted by Fed. R. Civ. P. 8(d), in the alternative to the contrary allegations set forth in this Complaint, Plaintiff ASSAM MASRI alleges that the Defendant officers committed the tort of false arrest, but not in bad faith or with malicious purpose, nor in a manner exhibiting wilful and wanton disregard of human rights, safety, or property.

37. Vicarious liability should be imposed on MIAMI-DADE COUNTY for the Defendant officers acts of false arrest to the extent allowed by law.

38. Pursuant to §768.28, Florida Statutes, Plaintiff notified Defendant MIAMI-DADE COUNTY of this claim prior to filing this action and said claim was not resolved.

**WHEREFORE**, PLAINTIFF prayerfully request that this Honorable Court grant the following relief against Defendant COUNTY:

> A. Compensatory damages;
>
> B. Pain and Suffering;
>
> C. Actual damages; and
>
> D. Any other such alternative and additional relief that appears to the Court to be equitable and just.

**COUNT II**
**State Tort of Assault and Battery**
**(Against Defendant COUNTY)**

39. PLAINTIFF repeats and realleges Paragraphs 1 through 29, and incorporates them by reference herein. This count is plead in the alternative to Count I if the court were to find probable cause existed for the false imprisonment alleged in Count I.

40. Defendant COUNTY on information and belief, through its employee FONTICELLA and or CUGGE intentionally caused bodily harm to PLAINTIFF by striking him in the back of the head causing serious bodily injury to his person.

41. The actions of COUNTY through its employee FONTICELLA and or CUGGE caused harm to the person of the PLAINTIFF. The aforementioned assault and battery was accomplished against the will of the PLAINTIFF.

42. Defendant COUNTY is vicariously liable for the tortious actions of its employees that were committed within the scope and furtherance of their employment.

43. As a direct and proximate consequence of the acts of COUNTY through it's employees FONTICELLA and or CUGGE, PLAINTIFF sustained severe physical injury, humiliation, emotional distress, pain and suffering, incurred substantial medical expenses and will continue to incur medical expenses in the future.

44. Pursuant to Fla. Stat. § 768.28(9)(a), the City is not "liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wilful and wanton disregard of human rights, safety or property."

45. As permitted by Fed. R. Civ. P. 8(d), in the alternative to the contrary allegations set forth in this Complaint, Plaintiff ASSAM MASRI alleges that Defendant CUGGE and or FONTICELLA committed the tort of assault and battery, but not in bad faith or with malicious purpose, nor in a manner exhibiting wilful and wanton disregard of human rights, safety, or property.

46. Vicarious liability should be imposed on MIAMI-DADE COUNTY for the Defendant FONTICELLA and or CUGGE'S acts of assault and battery to the extent allowed by law.

47. Pursuant to §768.28, Florida Statutes, Plaintiff notified Defendant MIAMI-DADE COUNTY of this claim prior to filing this action and said claim was not resolved.

**WHEREFORE**, PLAINTIFF prayerfully request that this Honorable Court grant the following relief against the Defendant COUNTY:

   A. Compensatory Damages;

   B. Pain and Suffering;

   C. Actual Damages; and

   D. Any other such alternative and additional relief that appears to the Court to be equitable and just.

## COUNT III
### Unreasonable Search and Seizure under
### (42 U.S.C. §1983 against Defendants FONTICIELLA, CUGGE, HERNANDEZ, PEREZ, SERG MARTINEZ, SERG PEREZ, Individually)

48. PLAINTIFF repeats and re-alleges Paragraphs 1 through 29, and incorporates them by reference herein.

49. On or about November 14, 2012, FONTICIELLA, CUGGE, HERNANDEZ, PEREZ, SERG MARTINEZ AND SERG PEREZ while acting in the course and scope of duty as a Police Officers, and acting in concert one with the other, illegally searched and seized PLAINTIFF.

50. Said search and seizure was done in violation of the Fourth Amendment to the U.S. Constitution in violation of 42 U.S.C. 1983 as it was accomplished without probable cause.

**WHEREFORE**, PLAINTIFF prayerfully requests that this Honorable Court grant the following relief against the Defendant officers:

    A. Compensatory Damages;

    B. Pain and Suffering;

    C. Actual Damages; and

    D. Any other such alternative and additional relief that appears to the Court to be equitable and just.

## COUNT IV
### False Imprisonment
### (42 U.S.C. §1983 Fourth Amendment Violations against Defendants SERG. MARTINEZ, SERG. PEREZ, HERNANDEZ, PEREZ, CUGGE and FONTICIELLA, Individually)

51. PLAINTIFF repeats and re-alleges Paragraphs 1 through 29, and incorporates them by reference herein.

52. On or about November 14, 2012, SERG. MARTINEZ, SERG. PEREZ, HERNANDEZ, PEREZ, CUGGE and FONTICIELLA while acting in the course and scope of their duties as a Police Officers, imprisoned PLAINTIFF.

53. The defendant officers physically deprived PLAINTIFF of his freedom and liberty and restrained his movements at the scene of the stop, at the BP gas station and in the Nissan Titan Pickup Truck.

54. PLAINTIFF did not consent to the aforementioned actions of the defendant Officers and said actions were against the will of PLAINTIFF.

55. The restraint of PLAINTIFF by defendant Offices was unlawful and unreasonable in that it was not based upon consent nor lawfully issued process of the Court and the defendant Officers did not have a valid warrant for the arrest of PLAINTIFF.

56. False imprisonment is a violation of PLAINTIFF'S Fourth Amendment right to be free from unreasonable seizures.

**WHEREFORE**, PLAINTIFF prayerfully requests that this Honorable Court grant the following relief against the Defendant Officers:

- A. Compensatory Damages;
- B. Pain and Suffering;
- C. Actual Damages; and
- D. Any other such alternative and additional relief that appears to the Court to be equitable and just.

### DEMAND FOR JURY TRIAL

PLAINTIFF, Azzam Masri, hereby demands a jury trial as to all issues so triable.

WHEREFORE, PLAINTIFF, Azzam Masri, respectfully requests this court:

- A. Enter a judgment in favor of PLAINTIFF, and against Defendants MIAMI-DADE COUNTY, POLICE OFFICER LOURDES HERNANDEZ, SERGEANT THOMAS MARTINEZ, SERGEANT ROBERT PEREZ, OFFICER FRANCO CUGGE, OFFICER RADAMES PEREZ, and OFFICER DANIEL FONTICIELLA;

- B. Award PLAINTIFF appropriate compensatory damages against Defendants, MIAMI-DADE COUNTY POLICE OFFICER LORDES HERNANDEZ, SERGEANT   THOMAS MARTINEZ, SERGEANT ROBERT PEREZ, OFFICER FRANCO CUGGE, OFFICER RADAMES PEREZ, and OFFICER DANIEL FONTICIELLA;

- C. Award PLAINTIFF appropriate damages for pain and suffering against Defendants MIAMI-DADE COUNTY, POLICE OFFICER LOURDES

       HERNANDEZ, SERGEANT THOMAS MARTINEZ, SERGEANT ROBERT PEREZ, OFFICER FRANCO CUGGE, OFFICER RADAMES PEREZ, and OFFICER DANIEL FONTICIELLA;

D.    Award PLAINTIFF'S counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988 and any other applicable provision of the law; and

E.    Grant PLAINTIFF any other and further relief as this Court deems just and proper under the circumstances.

Dated: November 10, 2016                            Respectfully Submitted,

                                                         /s/ *Gregory A. Samms*
                                                         **Gregory A. Samms, Esq.**
                                                         *Attorney for Plaintiff*
                                                         FL Bar No.: 438863
                                                         225 Alcazar Avenue
                                                         Coral Gables, FL 33131
                                                         Tel: (786) 953-5802
                                                         Fax: (786) 513-3191
                                                         Email: sammslaw@gmail.com